# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

April 15, 2021

**BY ECF**

Hon. Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Marte v. El Nuevo Jorge's Rest. Corp., et al.*
       <u>Case No. 20-CV-4070 (MKB) (RML)</u>

Dear Judge Brodie,

  We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter with counsel for defendants El Nuevo Jorge's Restaurant Corp., Agustin Baez, and Maria D. Baez (hereinafter, the "Settling Defendants") seeking the Court's approval of the settlement agreement ("Agreement") reached between the parties.[1] The Agreement is being submitted contemporaneously herewith, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of this matter, negotiated at arm's length between experienced counsel.

    *I.* *The Need for the Court's Approval of the Agreement*

  As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See also D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946);

---

[1] Defendant Jorge's Restaurant Corp. has not appeared in this action. Plaintiff has filed a Notice of Voluntary Dismissal against this defendant simultaneously with these materials.

*Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see also Sampaio v. Boulder Rock Creek Developers, Inc.,* No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

### II.   *Plaintiff's Claim for Unpaid Wages*

Defendant, El Nuevo Jorge's Restaurant Corp., which was incorporated on or about May 30, 2017, owns and operates a restaurant doing business as "El Nuevo Jorge's Restaurant," located at 689 Seneca Avenue, Ridgewood, New York 11385 ("New Jorge's").

Defendant, Jorge's Restaurant Corp., which was incorporated on or about April 1, 2014, originally owned and operated a restaurant doing business as "Jorge's Restaurant," located at 689 Seneca Avenue, Ridgewood, New York 11385 ("Original Jorge's").

Plaintiff alleges that he was employed at both Original Jorge's and New Jorge's from on or about December 19, 2014 until on or about March 6, 2020 to work as a non-exempt food preparer/kitchen helper, porter, and handyman at the restaurant.

Throughout his employment, plaintiff alleges working seven (7) days per week and, although his work shift fluctuated slightly each day and week, he contends that he typically worked twelve (12) hours per day from 8:00 a.m. until 8:00 p.m. Plaintiff maintains that he was not provided with a designated meal or rest break at any time during his daily work shift.[2] Plaintiff further alleges that throughout the entirety of his employment, he was paid at the rate of $750 per week straight time for all hours worked, and worked approximately eighty-four (84) hours per week.

### III.   *The Alleged Facts Contested by the Settling Defendants*

Settling Defendants argue that Plaintiff did not work anything close to the hours he alleges. He was scheduled to work 7:00 a.m. until 3:00 p.m., five days per week, but seldom or never worked even the scheduled hours.[3]

Settling Defendants argue that it is impossible for Plaintiff to have worked the hours he claims to have worked. This is because, during most of the relevant period, he also worked at El Carrezal at 345 Broadway in Brooklyn, from 3:00 p.m. until 10:00 p.m., five days per week.

Settling Defendants produced to Plaintiff an affidavit from the owner of that restaurant so stating, as well as an affidavit from the longtime cook at Jorge's, stating that Plaintiff seldom or never worked even his assigned hours. Had discovery proceeded, Settling Defendants would have produced affidavits and testimony from multiple current and former employees so stating,

---

[2] Plaintiff was not required to punch a time clock or other time-recording device at the beginning and end of each work shift.
[3] Settling Defendants also allege a setoff in the amount of $9,400.00, i.e., the unpaid balance of a loan they extended to Mr. Marte shortly before his employment was terminated.

as well as affidavits from night-shift employees stating that Plaintiff never worked at night and was seldom present at the 3:00 shift change. Plaintiff's Initial Disclosures do not list not a single employee of Jorge's Restaurant as a person with knowledge.

### IV.     The Settlement

As reflected in the attached Agreement, the parties have agreed to settle the case for a total of $20,000 to resolve all of plaintiff's wage and hour claims against the defendants, payable in six (6) consecutive monthly installments of $3,333.33 commencing within thirty (30) days of the Court's approval of the Agreement and dismissal of the case.

### V.     The Agreement is Fair and Reasonable

We believe this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about the value of plaintiff's claims.

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.,* 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also In re Penthouse Executive Club Compensation Litig.,* No. 10 Civ. 1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

Here, it is undisputed that this settlement did not result because of "overreaching" by the employer. To the contrary, the settlement was reached as a result of extensive arm's length negotiations between counsel who are well versed in the prosecution and defense of wage and hour actions, as well as during mediation before Mike McKenna, Esq. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Arp. 13, 2013).

In light of the various disputes concerning plaintiff's claims, as well the risk of ongoing litigation, this settlement should be approved. By settling now, plaintiff receives a portion of his underlying unpaid wages, while enabling the parties to avoid the risks inherent in any trial. Based on our assessment of litigation risks, which we discussed thoroughly with plaintiff during and after mediation, he made the decision to accept the Settling Defendants' offer. It is respectfully submitted that, in view of the foregoing, this settlement is a reasonable compromise of disputed issues and should therefore be approved.

### VI. *Application for Attorneys' Fees*

Pursuant to this firm's retainer agreement with plaintiff, our firm seeks retain one-third of the net proceeds of the settlement after expenses are deducted.[4] Therefore, counsel seeks $6,344.70 in fees, and $964 in costs, for a total fee application of $7,308.70.

Attorneys' fees in FLSA settlements are examined, to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiffs' counsel fee of one-third is reasonable. Of course, had the case proceeded, assuming plaintiff prevailed, plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees. Additionally, as stated above, plaintiff is being made whole even after fees and costs are deducted.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees over in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, courts routinely hold that a contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this District, "particularly where it is pursuant to a previously negotiated retainer agreement." *See Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15 Civ. 2950, 2018 U.S. Dist. LEXIS 110266, at *15-16 (S.D.N.Y. July 2, 2018) (citations omitted); *Daniels v. Haddad*, 17 Civ. 8067, 2018 U.S. Dist. LEXIS 212861, at *2-3 (S.D.N.Y. Dec. 17, 2018). Here, plaintiff agreed to a one-third contingency retainer agreement with counsel in connection with his wage-and-hour claims.

If the Court were to analyze counsel's fees on a lodestar basis, the Court should still approve the Agreement. Counsel's lodestar is more than the fees requested herein. Cilenti & Cooper, PLLC's requested rates ($400 per hour for lawyers and $100 for paralegal) have repeatedly been approved as reasonable. *See Rescalvo v. BTB Events & Celebrations Inc.*, 16 Civ. 7647 (PAE) (S.D.N.Y. Jan. 24, 2018); *Gonzalez, et al. v. Crosstown Diner Corp., et al.;* No. 16 Civ. 2544 (BCM) (S.D.N.Y. 2017); *Sierra v. Skyline Gourmet Deli*, No. 15 Civ. 3319 (SN) (S.D.N.Y. 2016); *Romero v. Lu Woodside Mini Mall, Inc.*, No. 15 Civ. 5030 (PK) (E.D.N.Y. 2016); *Catalan, et al. v. H&H Kim Corp., et al.*, No. 15 Civ. 7443 (DF) (S.D.N.Y. 2016). Attached hereto is a copy of Cilenti & Cooper, PLLC's billing records for work performed on this matter.

For all of the reasons set forth above, the parties respectfully request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal, which is being submitted simultaneously herewith, that expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

---

[4] The firm's expenses total $964 consisting of the filing fee to commence the action ($400), service of process ($264), and mediator's fee ($300).

                Respectfully submitted,

                Justin Cilenti

Enclosures

cc: Jonathan Bernstein, Esq. (by ECF)