UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

AGUSTIN MARTE,

                Plaintiff,

        v.

EL NUEVO JORGE'S RESTAURANT CORP.,
*doing business as* El Nuevo Jorge's Restaurant,
JORGE'S RESTAURANT CORP., *doing business
as* Jorge's Restaurant, AGUSTIN BAEZ, and
MARIA D. BAEZ,

                Defendants.

-------------------------------------------------------------------

**ORDER**
20-CV-4070 (MKB) (RML)

MARGO K. BRODIE, United States District Judge:

        Plaintiff Agustin Marte, on behalf of himself and others similarly situated,[1] commenced the above-captioned action on September 1, 2020, against Defendants El Nuevo Jorge's Restaurant Corp., doing business as El Nuevo Jorge's, Jorge's Restaurant Corp., doing business as Jorge's Restaurant, Agustin Baez, and Maria D. Baez, alleging that Defendants knowingly and willfully committed widespread violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law § 650 *et. seq.* (Compl., Docket Entry No. 1.) On April 15, 2021, the parties filed a joint letter motion requesting Court approval of a settlement agreement, (Joint Mot. for Settlement Approval ("Joint Mot."), Docket Entry No. 20), and, by report and recommendation dated April 27, 2021 (the "R&R"), Magistrate Judge Robert M. Levy recommended that the Court approve the settlement, (R&R).

        For the reasons explained below, the Court adopts the R&R.

---

[1] Although commenced as a collective action, Plaintiff did not seek conditional certification and no other individuals were provided notice of the action.

## I. Background

The Court referred this case to mediation on November 18, 2020. (Order Referring Case to Mediation dated Nov. 18, 2020.) The parties settled the dispute through mediation on January 27, 2021, (Report of Mediation dated Jan. 27, 2021), and filed a joint letter motion requesting Court approval of the resulting settlement agreement on April 15, 2021,[2] (Joint Mot.). The parties have agreed to settle the action for $20,000, payable in six consecutive monthly installments of $3,333.33. (Settlement Agreement ¶ 2.1, annexed to Joint Mot. as Ex. 1, Docket Entry No. 20-1.) Plaintiff will recover $12,691.30, and Plaintiffs' counsel will recover $7,308.70 in costs and fees. (*Id.* ¶ 2.3; Joint Mot. 4 ("[C]ounsel seeks $6,344.70 in fees, and $964 in costs, for a total fee application of $7,308.70.").)

On April 21, 2021, the Court referred the motion to approve the settlement agreement to Judge Levy for report and recommendation. (Order dated Apr. 21, 2021.) By report and recommendation dated April 27, 2021, Judge Levy found that the settlement agreement "is the product of arms-length negotiations and satisfies the criteria in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic [Inc.]*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)." (R&R); *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (instructing that *Wolinsky* factors guide fairness inquiry). Accordingly, Judge Levy recommended that the Court approve the settlement. (R&R.)

No objections to the R&R have been filed and the time for doing so has passed.

---

[2] Jorge's Restaurant Corp. has not appeared in this action. Plaintiff has filed a Notice of Voluntary Dismissal against this defendant simultaneously with the parties' joint motion. (Notice of Voluntary Dismissal, Docket Entry No. 21.) With respect to the settling defendants, Plaintiff has filed a stipulation and order of dismissal for the Court's endorsement, under which the Court "shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement." (Stipulation and Order of Dismissal, annexed to Joint Mot. as Ex. 3, Docket Entry No. 20-3.)

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court adopts the R&R and approves the settlement agreement. The Clerk of Court is respectfully directed to close this case.

Dated: May 26, 2021
      Brooklyn, New York

SO ORDERED:

s/ MKB

MARGO K. BRODIE
United States District Judge